IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16–cv–02161–RM–KMT

WEST RANGE RECLAMATION, LLC,

    Plaintiff,

v.

THE SCOTT'S COMPANY, LLC,

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the "Motion of Defendant the Scotts Company LLC to Dismiss Plaintiff's Second Amended Complaint" (Doc. No. 40 [Mot.], filed January 31, 2017). Plaintiff filed its response on February 21, 2017 (Doc. No. 42 [Resp]), and Defendant filed its reply on March 6, 2017 (Doc. No. 43 [Reply]).

## STATEMENT OF THE CASE

Plaintiff, proceeding pursuant to 28 U.S.C. § 1332, asserts claims against Defendant for breach of contract and promissory estoppel. (*See* Doc. No. 36 [Am. Compl.].) Plaintiff states its business consists of logging and clearing forests of dead and damaged pine trees. (*Id.*, ¶ 8.)

On February 9, 2015, Defendant issued to Plaintiff a purchase order ("the Contract") for 20,000 cubic yards of chipped white wood ("Goods") at $11.25 per cubic yard, with a total value of $225,000. (*Id.*, ¶¶ 9–10.) The Contract provides Defendant may unilaterally terminate the

Contract at any time by written notice to Plaintiff, and that, upon such notice, Plaintiff shall discontinue performance and be entitled to payment for goods "specifically manufactured" for Defendant "prior to termination."[1] (*Id.*, ¶ 18; Mot., Ex. 1 [Contract], ¶ 15.) The Contract also provides that "[u]pon such payment, [Defendant] shall have the option to take possession of and/or resell such partially completed goods." (Am. Compl., ¶ 19; Contract, ¶ 15.)

Plaintiff delivered Goods to Defendant in the amount of $90,000. (*Id.*, ¶ 14.) Plaintiff states Defendant never complained about the quality or quantity of the Goods, and Defendant paid Plaintiff in full for the Goods. (*Id.*, ¶¶ 15, 17.) Pursuant to the Contract, Plaintiff continued to manufacture goods ("Additional Goods"). (*Id.*, ¶ 21.) In about March 2014, Defendant notified Plaintiff via email that it no longer wanted any more Goods delivered and that it wanted to terminate the Contract. (*Id.*, ¶ 23.) Plaintiff stopped manufacturing the Goods and issued an invoice to Defendant in the amount of $75,452.94 for the Additional Goods. (*Id.*, ¶¶ 25–26.)

On about September 29, 2014, Defendant issued a Change Order reducing the total amount of goods under the Contract and capping the total Contract requirements to the delivered and paid-for goods. (*Id.*, ¶ 28.) Plaintiff states it never received the Change Order and never has received payment for the Additional Goods. (*Id.*, ¶¶ 30–31.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

---

[1] "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997). The court will consider the Contract attached to Defendant's Motion.

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

Defendant argues that Plaintiff's claims are barred by the United States Bankruptcy Court's rejection of the contract at issue in this case. (Mot. at 6–13.)

Plaintiff is the Debtor in the Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the District of Colorado (Case No. 15–13676) ("Bankruptcy Proceeding"). On June 7, 2016, Plaintiff filed in the Bankruptcy Court a "Motion to Reject Executory Contract with the Scott's [sic] Company, LLC."[2] (Mot., Ex. 2 ["Mot. Reject"].) In the Motion to Reject, Plaintiff sought an order, pursuant to 11 U.S.C. § 365, rejecting the "executory contract" between Plaintiff and Defendant, which Plaintiff identified as the Contract. (*Id.*, ¶¶ 1, 5.) Plaintiff represented to the Bankruptcy Court that it "wishes to reject this Contract because it has determined that its terms are not financially beneficial to the estate or its creditors" and that the "rejection of the Contract benefits the estate by allowing the Debtor to continue operations without the burdensome and unprofitable Contract terms." (Mot. Reject, ¶ 6. The Bankruptcy Court granted Plaintiff's Motion to Reject. (Mot., Ex. 3 ["Rejection Order"].) Defendant argues,

---

[2] The court may take judicial notice of the filings and orders from the Bankruptcy Court. *Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013) (citing *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008)) ("[A] court may properly consider facts subject to judicial notice, state court pleadings, and matters of public record without converting a motion to dismiss into a motion for summary judgment.").

4

as a matter of law, Plaintiff is precluded from enforcing the contract's provisions. (Mot. at 3–10.)

The Tenth Circuit has adopted the "Countryman" test for determining whether a contract is executory:

> [A] contract is executory if the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other.

*In re Spoverlook, LLC*, 551 B.R. 481, 485 (Bankr. D.N.M. 2016) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973), *as quoted in In re Baird*, 567 F.3d 1207, 1210 (10th Cir.2009)). "Executory contracts in bankruptcy are best recognized as a combination of assets and liabilities to the bankruptcy estate; the performance the nonbankrupt owes the debtor constitutes an asset, and the performance the debtor owes the nonbankrupt is a liability." *In re Spoverlook*, 551 B.R. at 484 (quoting *In re Columbia Gas System, Inc.*, 50 F.3d 233, 238 (3d Cir. 1995) (citing Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law* 106–07 (1986). "The debtor will assume an executory contract when the package of assets and liabilities is a net asset to the estate. When it is not the debtor will (or ought to) reject the contract." *In re Spoverlook*, 551 B.R. at 484 (quoting *In re Columbia Gas System, Inc.*, 50 F.3d at 238 (citing 11 U.S.C. § 365(a))). "The statutory purpose of § 365 is to enable the trustee to assume those executory obligations which are beneficial to the estate while rejecting those which are onerous or burdensome to perform." *In re Anderson*, 604 F. App'x 735, 737 n.4 (10th Cir. 2015).

"The general rule is that in order for a contract to be assumed or rejected under § 365 of the Bankruptcy Code, that contract must be assumed or rejected in its entirety." *In re Dickinson*

*Theatres, Inc.*, No. 12–22602, 2012 WL 4867220, at *2 (Bankr. D. Kan. Oct. 12, 2012) (quoting *In re Convenience USA, Inc.*, 2002 WL 230772, *2 (Bankr.M.D.N.C.2002)). "Rejection of an executory contract constitutes a breach of the contract as of the date immediately before the petition date." *In re Spoverlook, LLC*, 560 B.R. 358, 362 (Bankr. D.N.M. 2016) (citing § 365(g)(1); *In re Siggins*, 2014 WL 1796685, at *5 (Bankr. D.N.M. 2014)). The rejection "entitles **the other party** to the contract to assert a claim for such breach for determination by the court." *King v. Baer*, 482 F.2d 552, 557 (10th Cir. 1973) (emphasis added) (quoting *Workman v. Harrison*, 282 F.2d 693 (10th Cir. 1960)). *See In re Spoverlook, LLC*, 560 B.R. at 362 ("The breach gives rise to a claim" against the bankruptcy estate by a **non-debtor**.) (citing 11 usc § 502(g)(1)).

"A debtor cannot assume the beneficial aspects of a contract while rejecting the burdensome parts—the contract must be accepted or rejected as a whole." *In re Wagstaff Minnesota, Inc.*, No. BR 11–43073, 2012 WL 10623, at *3 (D. Minn. Jan. 3, 2012) (citing *In re UAL Corp.*, 346 B.R. 456, 467 (Bankr. N.D. Ill. 2006)). Thus, "[i]mportantly, because rejection is treated as a breach, a trustee [or debtor] who rejects an executory contract can no longer enforce its provisions." *Sullivan v. Mathew*, No. 14 C 6877, 2015 WL 1509794, at *4 (N.D. Ill. Mar. 30, 2015) (citing *In re Warner*, 480 B.R. 641, 650–51 (Bankr. N.D. W. Va. 2012). *See also In re Hooker Investments, Inc.*, 131 B.R. 922, 928 (Bankr. S.D.N.Y. 1991) (debtor cannot do "an about-face and claim[ ] . . . that the nondebtor party was the breaching one when the debtor, by rejecting the contract, already has been deemed to have been the breaching party.")

In its response, Plaintiff argues that rejection does not preclude it from bringing its claims. First, Plaintiff argues that the rejection of a contract in bankruptcy constitutes a breach

rather than a termination of the contract. (See Resp. at 4–5 [citing cases].) Plaintiff is correct in this regard, *see In re Banning Lewis Ranch Co., LLC*, 532 B.R. 335, 345 (Bankr. D. Colo. 2015) ("rejection" of a contract under § 365 does not mean "termination" of the contract) (quoting *In re Austin Development Co.*, 19 F.3d 1077, 1082 (5th Cir. 1994)), though the issue in this case is not whether rejection constitutes termination, but the effect of rejection on a debtor's right to enforce a contract.

Second, Plaintiff argues that contract damages are available to both parties after rejection. (Mot. at 5–6.) In support of this argument, Plaintiff cites *In re Taylor-Wharton International LLC*, No. 09–14089 BLS, 2010 WL 4862723 (Bankr. D. Del. Nov. 23, 2010). However, in *Taylor-Wharton*, the plaintiffs/debtors, "Taylor-Wharton and various of its affiliates," filed their case against a claimant in the bankruptcy proceedings asserting that a rejection order **excused the debtors' obligations** under a provision in a purchase agreement. *Id.* at *1–2. Thus, the plaintiffs/debtors were not attempting to enforce the obligations of **the claimant**. Moreover, the court dismissed the complaint, finding that the provision in the purchase agreement had been fully performed and thus was not executory. *Id.* at 3–4.

Plaintiff also cites *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 595 (10th Cir. 1990),[3] in support of his argument that a debtor who rejects a contract may still assert contract claims. (Resp. at 4–5.) In this case, an attorney sought to enforce a pre-petition contingency fee agreement between himself and the debtor after the Bankruptcy Court issued injunction against the attorney with respect to ancillary state court suit against a settling party and approved some hourly fees sought by attorney, but rejected his contingent fee claim. *Id.* at 594–595. Though

---

[3] *Modified sub nom. Abel v. West*, 932 F.2d 898 (10th Cir. 1991).

the Circuit Court held that "the legal rights and obligations created by the various provisions of a contract cannot simply be ignored upon rejection by the trustee of any remaining executory portion[,]" the Court held that "a pre-petition contingency fee agreement between the debtor and an attorney is . . . like any other contract claim against the estate" and awarded the attorney full contract damages rather than the Bankruptcy Court's discretionary award of an equitable fee. *Id* at 595 (citing *In re Yermakov*, 718 F.2d 1465, 1470 (9th Cir. 1983)). Thus, *Western Real Estate Fund*, in which damages were sought from the **debtor**, is inapposite to Plaintiff's argument.

Finally, Plaintiff argues that "there was likely no contract to reject on account of [the defendant's] actions." (Resp. at 6–7.) Plaintiff asserts that the Defendant terminated the contract and, thus, it "was not only terminated, but could not have been executory." (Resp. 6–7.) This is a disingenuous argument, considering Plaintiff specifically moved to reject the contract as an executory contract in the bankruptcy proceedings. Moreover, "[i]t is well established that a debtor cannot 'resurrect' a terminated contract and assume or reject it under § 365." *In re Spoverlook, LLC*, 551 B.R. at 485 (citing cases). Additionally, Plaintiff alleges in its complaint only that the Defendant notified the Plaintiff via email that it "**wanted** to terminate the Contract." (Am. Compl., ¶ 23 [emphasis added].) The court agrees with Defendant that, at this procedural juncture, before an answer has been filed and with no findings of fact or conclusions of law, the court cannot conclude that Defendant did, in fact, terminate the contract.

## CONCLUSION

By filing the Motion to Reject in the Bankruptcy proceedings, Plaintiff made the decision to reject the contract. The trustee did not object to the rejection (*see* Rejection Order ["no substantiated objections having been received"]), thereby deciding that the executory contract was not beneficial to the estate. Finally, the Bankruptcy Court granted the Motion to Reject. As such, Plaintiff cannot assert claims related to the Contract, and they should be dismissed for failure to state a claim upon which relief can be granted.

The court need not address Defendant's remaining arguments.

**WHEREFORE**, for the foregoing reasons, this court

**RECOMMENDS** that the "Motion of Defendant the Scotts Company LLC to Dismiss Plaintiff's Second Amended Complaint" (Doc. No. 40) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of February, 2018.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge